UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | File No. 1:10-cv-106-jgm |
| JENNY C. FULTON, | : | |
| Defendant. | : | |

MEMORANDUM AND ORDER
(Doc. 12)

I.  Introduction

On May 5, 2010, Plaintiff United States of America commenced this action against Jenny C. Fulton, pro se, to recover a debt owed to the United States Department of Education. (Doc. 1.) Plaintiff has now moved for summary judgment. (Doc. 12.) For the following reasons, the motion is granted.

II.  Background

Ms. Fulton executed five Promissory Notes between 1981 to 1987 and three between 1995 to 1997 in exchange for student loans to fund her education. (Stmt. of Undisputed Material Facts ¶¶ 1-3 (Doc. 12-1).[1]) The first five notes secured loans totaling $11,250 and the last three $34,250. Id. ¶¶ 2-3. Ms. Fulton failed to repay the notes in full. See id. ¶ 5. As required by law,

---

[1] Ms. Fulton filed an Answer (Doc. 3), but did not oppose the summary judgment motion or file a statement of disputed material facts as required by Local Rule 56(b). D. Vt. L.R. 56(b) (2011). Consequently, as stated in the Notice to Pro Se Litigant, served on Ms. Fulton along with Plaintiff's summary judgment motion, the Court accepts as true Plaintiff's uncontroverted factual assertions. See Doc. 12-10.

the Department of Education reimbursed the Michigan Higher Education Assistance Authority, the guarantor of the Notes.  Id. ¶¶ 4, 7.

On December 30, 2009, U.S. Department of Education Loan Analyst Lynda Faatalale signed, under penalty of perjury, a Certificate of Indebtedness reflecting that, as of August 13, 2009, for the first five notes, Ms. Fulton owed:  (1) $5,187.80 in unpaid principal[2]; (2) $1,839.60 in unpaid interest; and (3) additional interest, at a rate of $1.28 per day.  (Doc. 12-3.)  On March 30, 2010, U.S. Department of Education Loan Analyst Alberto Francisco signed, also under penalty of perjury, a second Certificate of Indebtedness reflecting that, as of August 13, 2009, for the last three notes, Ms. Fulton owed:  (1) $34,248.25 in unpaid principal; (2) $6,982.21 in unpaid interest; and (3) additional interest, at a rate of $3.08 per day.[3]  (Doc. 12-4.)

III.    Discussion

   A.    Standard of Review

Summary judgment is appropriate only where the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The Court must resolve ambiguities and draw inferences in favor of the non-moving party.  Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) (citation omitted).

The court's function is not to resolve disputed issues of fact but only to determine whether there is a genuine issue of material fact to be tried.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).  "If, as to the

---

[2]  The principal amounts reflect what the guarantor paid to the holder of the notes, less any additional payments since assignment of the loans.  See Docs. 12-3, 12-4.

[3]  After June 30, 2010, the daily interest rate may have changed under section 427A of the Higher Education Act of 1965, 20 U.S.C. § 1077a.  See Doc. 12-4 at 2.

issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Fischl v. Armitage, 128 F.3d 50, 56 (2d Cir. 1997) (internal quotation and citation omitted).

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (internal quotations and citations omitted). When a party has appeared in an action, but not opposed summary judgment, the moving party does not win by default. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). Instead, the Court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. Id. (citation omitted). And "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied <u>even if no opposing evidentiary matter is presented</u>." Id. (internal quotation marks and citation omitted).

In an action on a promissory note, summary judgment is appropriate if there is "no material question concerning execution [of the note] and default." Royal Bank of Canada v. Mahrle, 818 F. Supp. 60, 62 (S.D.N.Y. 1993).

B.   The United States is Entitled to Summary Judgment

The United States has met its initial summary judgment burden. Ms. Fulton admitted in her Answer that the student loans are hers. (Doc. 3 at 1.) Further, Ms. Fulton did not respond to requests for admission, properly served by the United States, resulting in the matters being

admitted, including that she received the loans, executed the promissory notes, and defaulted on her obligations to pay.  See Doc. 12-9; Fed. R. Civ. P. 36(a)(3).  The United States has provided Certificates of Indebtedness, certified under penalty of perjury, that as of August 13, 2009, for the first five notes, Ms. Fulton owed (1) $5,187.80 in unpaid principal, (2) $1,839.60 in unpaid interest, and (3) additional interest, at a rate of $1.28 per day, and for the last three notes, Ms. Fulton owed (1) $34,248.25 in unpaid principal, (2) $6,982.21 in unpaid interest, and (3) additional interest, at a rate of $3.08 per day.  (Docs. 12-3, 12-4.)

Ms. Fulton has not responded to this evidence, introduced any evidence on her own behalf, or otherwise opposed summary judgment.  Accordingly, summary judgment is appropriate because there is no material question concerning execution of the notes or default and no genuine issue remains for trial.  Consequently, summary judgment in favor of Plaintiff is granted.

IV.     Conclusion

Plaintiff's motion for summary judgment (Doc. 12) is GRANTED.  Defendant Jenny C. Fulton is indebted to the United States Department of Education for unpaid student loans in the amount of $51,436.30, including interest calculated at the applicable rate through the date of judgment, as follows:

The five Promissory Notes executed between 1981 to 1987: $5,187.80 unpaid principal, plus $2,772.72 interest ($1,839.60 plus $933.12 for the period from August 14, 2009 through August 12, 2011 (729 days @ $1.28)); the three Promissory Notes executed between 1995 to 1997: $34,248.25 unpaid principal, plus $9,227.53 ($6,982.21 plus $2,245.32 for the period from August 14, 2009 through August 12, 2011 (729 days @ $3.08)).  Defendant is also liable for

4

costs in the amount of $350.00 for filing fees and $20.00 in docket fees (pursuant to 28 U.S.C. §§ 1920, 1923 and 2412(a)(2)).

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 12th day of August, 2011.

    /s/ J. Garvan Murtha
    Honorable J. Garvan Murtha
    United States District Judge